Date signed September 16, 2005



*James F. Schneider*
**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| JEFFREY BOIES and KIMBERLY BOIES, | * | Case No. 04-12155-JS |
| Debtors | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| FOX CHEVROLET, LLC, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No. 04-1513-JS |
| JEFFREY BOIES and KIMBERLY BOIES, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### *MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS*

The matter before the Court is the motion of the debtors to dismiss the instant complaint to determine dischargeability on the ground that the complaint was filed after the bar date.  For the reasons stated herein, the motion will be granted.

*FINDINGS OF FACT*

On July 20, 2002, the District Court of Maryland for Anne Arundel County entered a judgment in favor of Fox Chevrolet ("Fox") against Jeffrey and Kimberly Boies (the "debtors"), the amount of $15,445.31. Fox was represented Lee B. Rauch, Esquire, of the law firm of Tydings & Rosenberg, LLP ("Tydings"). On January 29, 2004, the debtors filed the instant voluntary Chapter 7 bankruptcy petition in this Court. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") stated that the deadline for filing complaints objecting to dischargeability was May 3, 2004. Fox was listed on the debtors' Amended Statement of Financial Affairs, Schedule F and the creditor matrix. However, Fox did not receive the Notice. In addition, although Mr. Rauch was listed on the Amended Voluntary Petition as attorney for Fox, he never received a copy of the Notice.[1]

On March 9, 2004, the law firm of Andrew G. Wilson, II, Esquire, filed a Suggestion of Bankruptcy in the district court case and mailed a notice to Mr. Rauch. On March 22, 2004, the district court issued an order that stayed the proceedings until further notice. The order was mailed to Tydings & Rosenberg, LLP, as counsel for

---

[1] The certificate of service prepared by the Court that was attached to the Notice did not include Mr. Rauch or Fox.

the plaintiff. Fox did not deny that Tydings received the Suggestion of Bankruptcy or the stay order.

On May 1, 2004, the plaintiff filed a timely proof of claim in the debtors' bankruptcy case. The proof of claim was signed by Freeman, Wolfe & Greenbaum, "Freeman"). On May 11, 2004, eight days after the bar date, Freeman filed the instant complaint on behalf of Fox against the debtors to determine dischargeability of the judgment rendered against the debtors in Anne Arundel County, pursuant to Section 523(a)(2)(A) and (B) of the Bankruptcy Code.[2]

---

[2]Section 523(a)(2)(A) and (B) provides:

§ 523. Exceptions to discharge.

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

            *        *        *        *

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

    (B) use of a statement in writing--

        (i) that is materially false;

        (ii) respecting the debtor's or an insider's financial condition;

*CONCLUSIONS OF LAW*

Section 523(c)(1) of the Bankruptcy Code requires the filing of a complaint in order to determine nondischargeability of a debt, pursuant to Section 523(a)(2), (a)(4), (a)(6) and (a)(15).[3] The complaint must be filed within 60 days of the first date set for the meeting of creditors, pursuant to Federal Rule of Bankruptcy Procedure 4007(c).[4]

---

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied;  and

(iv) that the debtor caused to be made or published with intent to deceive[.]

11 U.S.C. § 523(a)(2)(A) and (B).

[3]Section 523(c)(1) provides:

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1).

[4]Section 523(c) provides:

(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed.

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the

Despite the failure of the clerk to send the Notice of Bankruptcy to Fox, its counsel had actual notice of the bankruptcy filing nearly two months before the bar date. Actual notice has been held by this Court to be sufficient to dismiss an untimely dischargeability complaint filed by a creditor who was not scheduled. *Lawrence Steel Erection Co. v. Piercy (In re Piercy),* 140 B.R. 108 (Bankr. Md. 1992) (Derby, J.), and *Herman v. Bateman (In re Bateman)*, 254 B.R. 866 (Mannes, J.) (Bankr. D. Md. 2000). Therefore, when a creditor *was* scheduled and did not receive notice of the bar date from the court, but received actual, timely notice of the filing from a different source, its late-filed complaint is time-barred. *See Piercy*, 140 B.R. at 110-11.[5]

---

> meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

11 U.S.C. § 523(c).

[5] In *Piercy,* Judge Derby stated the following:

> The overwhelming weight of case law has held that where a creditor, listed or unlisted, has notice or actual knowledge of the debtor's bankruptcy proceedings and fails to file a complaint within the deadline under Rule 4007, a complaint pursuant to 11 U.S.C. §§ 523(c)(1) and 523(a)(2), (4) or (6), or a motion to extend under Rule 4007, is barred. Essentially, 11 U.S.C. § 523(c)(1) places the burden on the creditor claiming nondischargeability under § 523(a)(2), (4) or (6) affirmatively to assert his claim and to protect his interests. The policy is in accord with an underlying principle of bankruptcy to ensure the debtor a fresh

5

As stated in the *Findings of Fact,* Fox and its attorneys received actual notice of the instant bankruptcy case prior to the bar date. Fox was on inquiry notice when its attorneys received the notice of the Suggestion of Bankruptcy. Fox should have checked the case docket at that time. There was sufficient time between March and the bar date for Fox to file a timely complaint or, at the very least, a request to extend the bar date.

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), *citing Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 280 (1957). "When ruling upon a motion to dismiss a complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most

---

start. *See In re Compton,* 891 F.2d 1180 (5th Cir.1990); *In re Sam,* 894 F.2d 778 (5th Cir.1990); *In re Price,* 871 F.2d 97 (9th Cir. 1989); *In re Alton,* 837 F.2d 457 (11th Cir. 1988); *Neely v. Murchinson,* 815 F.2d 345 (5th Cir. 1987); *In re Rhodes,* 61 B.R. 626 (9th Cir. BAP 1986) and *In re Walker,* 103 B.R. 281 (D. Utah 1989). *See also*, Rule 4007– Advisory Committee Note (1983) and 11 U.S.C. section 523(c) H.R. and S. R. for the Reform Act of 1978.

*Piercy*, 140 B.R. at 110-11.

favorable to the plaintiff." *Hemelt v. Pontier (In re Pontier)*, 165 B.R. 797, 798 (Bankr. D. Md. 1994).  Thus, a Rule 12(b)(6) motion can be granted only when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Under the circumstances of the instant adversary proceeding, there is no way that the plaintiff can prevail.

WHEREFORE, the debtors' motion to dismiss will be GRANTED and the instant complaint will be DISMISSED.

ORDER ACCORDINGLY.

cc:    Andrew G. Wilson, II, Esquire
275 West Street, Suite 216
Annapolis, Maryland 21401
Attorney for the Debtor

Steven R. Freeman, Esquire
Freeman, Wolfe & Greenbaum, P.A.
409 Washington Avenue, #300
Towson, Maryland 21204
Attorney for Fox Chevrolet

Marc H. Baer, Esquire
3545 Chestnut Avenue
Baltimore, Maryland 21211
Chapter 7 Trustee

Office of the U.S. Trustee
300 W. Pratt Street, Suite 350
Baltimore, Maryland 21201